UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SPEROS A. BATISTATOS,<br>      Plaintiff,<br><br>    v.<br><br>LAKE COUNTY CONVENTION AND<br>VISITORS BUREAU d/b/a SOUTH SHORE<br>CONVENTION AND VISITORS<br>AUTHORITY, CITY OF HAMMOND,<br>LEFT OF CENTER MEDIA, LLC,<br>THOMAS M. MCDERMOTT, JR. in his<br>official and individual capacity, KEVIN C.<br>SMITH in his official and individual capacity,<br>BRENT BRASHIER in his official and<br>individual capacity, MATTHEW MALONEY<br>in his official and individual capacity,<br>ANDREW E. QUNELL in his official and<br>individual capacity, THOMAS P. DABERTIN<br>in his official and individual capacity, and<br>MATTHEW M. SCHUFFERT in his official<br>and individual capacity.<br>      Defendants. | CAUSE NO.: 2:22-CV-254-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on Brashier's, Maloney's, Qunell's, Dabertin's and Schuffert's Motion for Complete Dismissal, and SSCVA[1]'s Motion for Partial Dismissal of Plaintiff's Amended Complaint [DE 45], filed on January 18, 2023. The motion is fully briefed and ripe for ruling.

**PROCEDURAL BACKGROUND**

Plaintiff Speros A. Batistatos initiated this lawsuit by filing a complaint in this Court on August 29, 2022. After Defendants filed an initial round of motions to dismiss, Batistatos filed an

---

[1] "SSCVA" is the Lake County Convention and Visitors Bureau doing business as the South Shore Convention and Visitors Authority.

Amended Complaint on December 5, 2022. Batistatos brings the following claims against movants Brashier, Maloney, Qunell, Dabertin, and Schuffert (collectively, the "Board Members"), and SSCVA in this pleading:

1. Employment discrimination in violation of the Age Discrimination in Employment Act against SSCVA,

2. Retaliation for exercise of rights protected by the First Amendment of the United States Constitution in violation of 42 U.S.C. § 1983 against SSCVA and the Board Members,

3. Breach of contract against the SSCVA,

4. Breach of duty of good faith and fair dealing against the SSCVA,

5. Retaliation prohibited by Indiana whistleblower law against the SSCVA, and

6. A claim for damages for concerted action against all defendants.

Batistatos also brings claims against the other defendants.

Batistatos's claims center around the termination of his employment contract with SSCVA as its President and CEO. Batistatos's allegations of age discrimination, retaliation for exercise of First Amendment rights by SSCVA, and breaches of contract and the duty of good faith and fair dealing are not contested in the motion presently before the Court.

Rather than filing answers, all Defendants elected to move for dismissal. The SSCVA only argues for dismissal of the Indiana Whistleblower claim brought against it. All other Defendants request dismissal in full of the claims against them for failure to state a claim. In this opinion and order, the Court addresses the arguments presented for partial dismissal of SSCVA and dismissal of the Board Members.

**LEGAL STANDARD**

The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, "recitals of the elements of a cause of action, supported

2

by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Twombly*, 550 U.S. at 555). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [their] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

## ANALYSIS

### A. Private Right of Action Under Indiana Whistleblower Laws

The SSCVA argues that there is no private right of action for Batistatos's claim of violation of Indiana's whistleblower laws. The parties agree that there is no express right of action granted in Indiana Code § 36-1-8-8, which is the statute that Batistatos argues was violated. The parties disagree whether there is an implied private right of action.

Section 36-1-8-8 provides that a public employer commits a Class A infraction if it terminates an employee for making a written report of a violation of law or misuse of public resources. The employee may be disciplined for knowingly furnishing false information in the

report, though that discipline can be appealed under the political subdivision's applicable procedures. *Id.*

The Supreme Court of Indiana is reluctant to infer private rights of action where the legislature has not expressly provided one. *Doe #1 v. Ind. Dept. Child Servs.*, 81 N.E.3d 199, 202 (Ind. 2017). That court "usually will not infer a private right of action when the statute (1) primarily protects the public at large and (2) contains an independent enforcement mechanism." *Id.* Though worded in the conjunctive, the *Doe #1* court continued: "[w]hen a statute expressly provides one enforcement mechanism, courts may not engraft another." *Id.* at 4. Making a violation an infraction is a sufficient "independent enforcement mechanism" to find no private right of action. *Id.* at 204.

It does not appear that the Indiana Supreme Court or Court of Appeals has considered whether there is an implied right of action in § 36-1-8-8. However, in light of the provision of a Class A infraction for violating § 36-1-8-8 and the Indiana Supreme Court's ruling in *Doe #1*, the Court predicts that an Indiana state court would find that there is no implied private right of action.

Further, the Northern and Southern Districts of Indiana have considered the question and determined that there is no private right of action under the statute, which further supports the Court's decision. *Kodrea v. City of Kokomo, Ind.*, 458 F. Supp. 2d 857, 860 (S.D. Ind. 2006) (finding no private right of action and noting (1) a similar statute where a private right of action was expressly provided and (2) a nonjudicial remedy is provided in the statute); *Jennings v. Warren Cnty. Com'rs*, No. 4:04-CV-94, 2006 WL 694742, at *8 (N.D. Ind. Mar. 14, 2006) (finding that the remedy is only what the statute provides: an appeal of the disciplinary action under the political subdivision's adopted procedures); *Neumeister v. City of Greenfield*, No. 1:10-CV-659, 2012 WL 1067905, at *13 (S.D. Ind. Mar. 29, 2012) (adopting the reasoning of *Kodrea* and finding no implied private right of action).

Finding that there is no implied private right of action in § 36-1-8-8, the Court dismisses the claim brought under Indiana's whistleblower laws.

### B. Official Capacity Claims Against Board Members

Batistatos brings his retaliation claim against the SSCVA and the Board Members in their official capacities. The Board Members argue that it is duplicative to bring the official capacity claims against them in addition to SSCVA of which they are officers, and they request that the official capacity claims be dismissed.

The Board Members' request is well-taken. Official capacity claims are redundant to claims against the entity of which the officer is an agent. *Smith v. Metro. Sch. Dist. Perry Tp.*, 128 F.3d 1014, 1020 n.3 (7th Cir. 1997).

Batistatos's response is essentially that because he is bringing this claim against these defendants in both their official and individual capacities there is no particular need to dismiss the official capacity claims as the defendants will remain in their individual capacities. This is insufficient reason to leave redundant claims in this case. Batistatos's claims brought against the Board Members in their official capacities are dismissed as redundant.

### C. Individual Capacity First Amendment Claim Against Board Members

The Board Members assert that Batistatos has not pled facts establishing individual liability against the Board Members in their individual capacity to sufficiently state a claim under § 1983 for retaliation for exercising First Amendment rights. Batistatos counters that the necessary facts are pled in paragraphs 85 through 129 of his Amended Complaint. The Board Members reply that the alleged retaliation must have taken place after the protected speech occurred.

In the Amended Complaint, Batistatos alleges that, on an unstated date, he informed the Board Members that a May 20, 2021 Executive Session of the SSCVA Board violated Indiana's

Open Door Law. (Am. Compl. ¶ 93, ECF No. 40). Logically, this occurred no earlier than May 20, 2021. Batistatos continued to voice his concerns with the legality of actions taken by the SSCVA Board up through at least June 24, 2021. *See* (Am. Compl. ¶ 128, ECF No. 40).

Batistatos alleges that the Board Members retaliated against him for exercising his free speech rights when they stopped negotiating for a new employment agreement with Batistatos and when they terminated his employment. (Am. Compl. ¶¶ 179-80, ECF No. 40). Batistatos alleges that this occurred on July 15, 2021, after the protected speech at issue. (Am. Compl. ¶ 135, ECF No. 135). These allegations are of personal involvement by each Board Member in the alleged retaliation.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015).

Batistatos has sufficiently alleged that, in retaliation for Batistatos exercising free speech rights regarding Indiana's Open Door Law, each Board member stopped the renegotiation of Batistatos's contract and terminated his employment with SSCVA. The Court will not dismiss this claim against the Board Members in their individual capacity.

### D. Concerted Action

Under Indiana law, a concerted action claim (also known as a civil conspiracy claim) is not an independent cause of action but rather a cause of action for damages that must be alleged with an underlying tort.[2] *Gordon v. Bank of New York Mellon Corp.*, 964 F. Supp. 2d 937, 942 (N.D.

---

[2] Though *Carter v. State Farm Fire & Cas. Co.*, 850 F. Supp. 2d 946, 952 (S.D. Ind. 2012), questioned whether civil claims not sounding in tort could support a concerted action claim, the Indiana Court of Appeals recently reaffirmed that concerted action claims "most be considered together with an underlying alleged tort." *Holland v. Ketcham*, 181

Ind. 2013). A civil conspiracy is "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Huntington Mortg. Co. v. Debrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998).

Batistatos's claim for damages by concerted action relies on the underlying tort of violation of the duty of good faith and fair dealing by "the SSCVA Defendants."[3] *See* (Am. Compl. ¶¶ 262-63, ECF No. 40). This underlying tort is alleged as to SSCVA only and not as to the Board Members. *See* (Am. Compl. ¶¶ 189-194, 202-08, ECF No. 40). With no underlying tort alleged, the Court dismisses the claim for damages by concerted action that Batistatos brings against the Board Members.

## CONCLUSION

Based on the above, the Court hereby **GRANTS in part** and **DENIES in part** Brashier's, Maloney's, Qunell's, Dabertin's and Schuffert's Motion for Complete Dismissal, and SSCVA's Motion for Partial Dismissal of Plaintiff's Amended Complaint [DE 45]. The Court **DISMISSES** the claim brought under Indiana's whistleblower laws, the official capacity claims brought against the Board Members, and the claim for damages by concerted action against the Board Members only. All other claims survive.

SO ORDERED on August 2, 2023.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

---

N.E.3d 1030, 1039 (Ind. Ct. App. 2021) (quoting *Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014)).

[3] The Amended Complaint does not define "the SSCVA Defendants."