UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SPEROS A. BATISTATOS,<br>  Plaintiff,<br><br>  v.<br><br>LAKE COUNTY CONVENTION AND<br>VISITORS BUREAU d/b/a SOUTH SHORE<br>CONVENTION AND VISITORS<br>AUTHORITY, CITY OF HAMMOND,<br>LEFT OF CENTER MEDIA, LLC,<br>THOMAS M. MCDERMOTT, JR. in his<br>official and individual capacity, KEVIN C.<br>SMITH in his official and individual capacity,<br>BRENT BRASHIER in his official and<br>individual capacity, MATTHEW MALONEY<br>in his official and individual capacity,<br>ANDREW E. QUNELL in his official and<br>individual capacity, THOMAS P. DABERTIN<br>in his official and individual capacity, and<br>MATTHEW M. SCHUFFERT in his official<br>and individual capacity.<br>  Defendants. | CAUSE NO.: 2:22-CV-254-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss Amended Complaint [DE 47], filed by Defendant Kevin C. Smith on January 18, 2023. The motion is fully briefed and ripe for ruling.

**PROCEDURAL BACKGROUND**

Plaintiff Speros A. Batistatos initiated this lawsuit by filing a complaint in this Court on August 29, 2022. His claims center around the termination of his employment contract with the Lake County Convention and Visitors Bureau, doing business as South Short Convention and Visitors Authority, as its President and CEO. After Defendants filed an initial round of motions to dismiss, Batistatos filed an Amended Complaint on December 5, 2022. Batistatos brings claims against Smith for tortious interference with contractual and business relationships, defamation per

se and per quod, injurious falsehoods, and a claim for damages for concerted action. Batistatos also brings other claims against the other defendants.

Rather than filing answers, all Defendants elected to move for dismissal. In this opinion and order, the Court addresses the arguments presented for dismissing Smith. Smith moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) and Indiana's Anti-SLAPP statute. Finding the federal rule sufficient to resolve the claims against Smith, the Court considers that reason for dismissal only.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Twombly*, 550 U.S. at 555). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [their] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not

2

accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

## ANALYSIS

### A. Official Capacity Claims

Batistatos brings claims against Smith in his official capacity that he also brings against the City of Hammond, of which Smith is Corporation Counsel. Smith argues that it is duplicative to bring the official capacity claims against him in addition to the City of Hammond, and he requests that the official capacity claims be dismissed.

The request is well-taken. Official capacity claims are redundant to claims against the entity of which the officer is an agent. *Smith v. Metro. Sch. Dist. Perry Tp.*, 128 F.3d 1014, 1020 n.3 (7th Cir. 1997).

Batistatos's response is essentially that because he is bringing these claims against Smith in both his official and individual capacities there is no particular need to dismiss the official capacity claims as Smith will remain in his individual capacities. This is insufficient reason to leave redundant claims in this case. Batistatos's claims brought against Smith in his official capacity are dismissed as redundant.

### B. Liability Under Tort Theories

When a litigant brings an Indiana tort claim against a governmental entity or employee acting within the scope of the employee's employment, the Indiana Tort Claims Act (ITCA) applies. A claim brought under ITCA "alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3(b). There is an exception if the plaintiff makes specific allegations found at Indiana Code § 34-13-3-5(c).

As for the defamation and injurious falsehood claims, Batistatos specifically alleges that the alleged statements at issue made by Smith were made "as Corporation Counsel" of the City of Hammond. (Am. Compl. ¶¶ 221, 239, 256, ECF No. 40). In response to Smith's motion to dismiss, Batistatos asserts that Smith was not acting within the scope of his employment, acted maliciously, willfully, wantonly, and in a manner calculated to benefit him personally. Allegations in the complaint of any of these would allow the tort claims to be brought against Smith personally. Ind. Code. § 34-13-3-5(c). However, the Amended Complaint contains no such allegations.

Batistatos does not allege that Smith's alleged statements were made as corporate counsel *but also* outside the scope of employment. Neither does Batistatos plead in the alternative that the statements were made outside the scope of employment. He only alleges that the statements were made as corporate counsel. The exception for actions outside of the scope of employment does not apply. Batistatos argues that "Smith's podcast" broadcast certain statements, but that is an allegation against Left of Center and not against Smith.[1] A member of an LLC (as Smith is of Left of Center) "is not personally liable for the debts, obligations, or liabilities of the limited liability company." Ind. Code § 23-18-3-3(a).

Batistatos argues that Smith, as co-owner of the podcast, stood to personally benefit from the podcast's larger audience attracted by the "outrageous lies about Mr. Batistatos," but this allegation does not appear in the Amended Complaint, so Batistatos has not met his pleading obligations in this regard.

To the extent that Batistatos seeks to hold Smith liable under defamation or injurious falsehood theories for failing to correct the alleged defamatory statements or injurious falsehoods,

---

[1] Batistatos does conclusorily allege that the Hammond Defendants' statements were spoken maliciously, but as Smith asserts, a reasonable factual basis supporting that allegation is required and a bald allegation of maliciousness is insufficient. *See Johnson v. Galipeau*, No. 3:21-CV-337, 2022 WL 504539, at *6 (N.D. Ind. Feb. 18, 2022). Batistatos implicitly concedes this point by not responding to the assertion.

silence is neither a defamatory statement nor an injurious falsehood. *See Trail v. Boys and Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 137 (Ind. 2006) ("Interestingly, this allegation does not actually assert, nor relate to, any actionable defamatory statement. Rather, the allegation merely refers to the speculative effect the defendants' non-actionable silence has had on Trail's reputation. It would be an odd use of the defamation doctrine to hold that silence constitutes actionable speech.").

Batistatos has not argued that Smith's actions alleged regarding the tortious interference claim are exempt from ITCA's immunity.

Accordingly, the Court finds that the tort claims brought against Smith in his individual capacity must be dismissed because of immunity under ITCA.

### C. Tortious Interference

As an alternative finding, the Court also finds that Batistatos failed to state a claim for tortious interference against Smith. Under Indiana law, the claims of tortious interference with a business relationship and tortious interference with a contractual relationship are similar. A claim for tortious interference with a business relationship requires: "(1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from defendant's wrongful interference with the relationship." *McCollough v. Noblesville Sch.*, 63 N.E.3d 334, 344 (Ind. Ct. App. 2016). The elements of a claim for tortious interference with a contractual relationship are: "(1) that a valid and enforceable contract exists; (2) the defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting

5

from defendant's wrongful inducement of the breach." *Duty v. Boys & Girls Club of Porter Cnty.*, 23 N.E.3d 768, 774 (Ind. Ct. App. 2014).

Batistatos has alleged that "[t]he Hammond Defendants offered to drop a pending lawsuit against the SSCVA if the SSCVA terminated Mr. Batistatos's employment," (Am. Compl. ¶ 205, ECF No. 40), but he has not alleged an absence of justification for that offer other than conclusorily deeming it to be "wrongful." Further, it appears that the alleged offer to drop the lawsuit was made by Defendant McDermott, not Smith. *See id.* at ¶ 130. Batistatos has not alleged the elements of tortious interference claims against Smith.

### D. Concerted Action

Under Indiana law, a concerted action claim (also known as a civil conspiracy claim) is not an independent cause of action but rather a cause of action for damages that must be alleged with an underlying tort.[2] *Gordon v. Bank of New York Mellon Corp.*, 964 F. Supp. 2d 937, 942 (N.D. Ind. 2013). A civil conspiracy is "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Huntington Mortg. Co. v. Debrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998). Because the tort claims against Smith are dismissed, the claim for damages by concerted action must also be dismissed.

### E. Request for Fees

Because this motion is being decided on Federal Rule 12(b)(6) and not Indiana's Anti-SLAPP statute, the Court does not award fees under the Anti-SLAPP statute.

---

[2] Though *Carter v. State Farm Fire & Cas. Co.*, 850 F. Supp. 2d 946, 952 (S.D. Ind. 2012), questioned whether civil claims not sounding in tort could support a concerted action claim, the Indiana Court of Appeals recently reaffirmed that concerted action claims "most be considered together with an underlying alleged tort." *Holland v. Ketcham*, 181 N.E.3d 1030, 1039 (Ind. Ct. App. 2021) (quoting *Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014)).

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the Motion to Dismiss Amended Complaint [DE 47] and **DISMISSES** the claims against Defendant Kevin C. Smith in his individual and official capacities.

SO ORDERED on August 2, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT