## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| SPEROS A. BATISTATOS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:22-CV-254-JVB-JEM |
| | ) | |
| LAKE COUNTY CONVENTION AND | ) | |
| VISITORS BUREAU d/b/a SOUTH SHORE | ) | |
| CONVENTION AND VISITORS | ) | |
| AUTHORITY, CITY OF HAMMOND, | ) | |
| LEFT OF CENTER MEDIA, LLC, | ) | |
| THOMAS M. MCDERMOTT, JR. in his | ) | |
| official and individual capacity, KEVIN C. | ) | |
| SMITH in his official and individual capacity, | ) | |
| BRENT BRASHIER in his official and | ) | |
| individual capacity, MATTHEW MALONEY | ) | |
| in his official and individual capacity, | ) | |
| ANDREW E. QUNELL in his official and | ) | |
| individual capacity, THOMAS P. DABERTIN | ) | |
| in his official and individual capacity, and | ) | |
| MATTHEW M. SCHUFFERT in his official | ) | |
| and individual capacity. | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Left of Center Defendant's Motion to Dismiss Plaintiff's

Amended Complaint for Damages [DE 51], filed on January 18, 2023. Defendant Left of Center

Media, LLC ("Left of Center") asks the Court to dismiss the claims against it under both Federal

Rule of Civil Procedure 12(b)(6) and Indiana's Anti-SLAPP statute. The motion is fully briefed

and ripe for ruling. The Court finds the Rule 12(b)(6) grounds to be sufficient to dismiss the claims

against Left of Center and rules solely on that basis.

Plaintiff Speros A. Batistatos initiated this lawsuit by filing a complaint in this Court on

August 29, 2022. His claims center around the termination of his employment contract with the

Lake County Convention and Visitors Bureau, doing business as South Short Convention and

Visitors Authority, as its President and CEO. After Defendants filed an initial round of motions to dismiss, Batistatos filed an Amended Complaint on December 5, 2022.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [their] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

## ANALYSIS

Left of Center states that Batistatos has brought against it claims of tortious interference with contractual and business relationships, defamation per se and per quod, and injurious falsehoods, and also brings a claim for damages by concerted action. The Court has found no indication in the complaint that Batistatos brings the tortious interference claim against Left of Center. *Compare* (Am. Compl. ¶ 4 (failing to name Left of Center as a Defendant against whom Batistatos alleges tortious interference), ¶¶ 202-208 (Batistatos's allegations regarding the tortious interference claim without mention of Left of Center)) *with* (Am. Compl. ¶ 5 ("This action . . . includes an action for the unfounded and defamatory statements as well as injurious falsehoods by . . . Left of Center Media, LLC . . . .")). Thus, the Court finds that Batistatos has not brought a tortious interference claim against Left of Center, so the request to dismiss that claim is moot. The Court addresses the other claims below.

### A. Injurious Falsehoods

Left of Center argues that Batistatos has not stated a claim for injurious falsehoods because Batistatos has failed to allege intent to cause economic or pecuniary harm. Indiana courts have not clarified whether injurious falsehood is a claim the state recognizes. However, assuming that there is a claim in Indiana for injurious falsehood, Left of Center and Batistatos agree that the Restatement (Second) of Torts provides the elements, one of which is that the publisher of a statement "intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so." Restatement (Second) of Torts § 623A (1977).

Left of Center's argument of failure to allege intent is well-taken because there are almost no allegations about Left of Center in the entire Amended Complaint. In the introduction to his

Amended Complaint, Batistatos states that his cause of action includes a claim for injurious falsehoods by the City of Hammond, McDermott, Smith, and Left of Center. (Am. Compl. ¶ 5, ECF No. 40). In laying out the individual claims later in the Amended Complaint, Batistatos states that the claim for injurious falsehoods is brought against "the Hammond Defendants," who are defined as the City of Hammond, McDermott, and Smith. *Id.* ¶¶ 202, 243-59.

Batistatos alleges that McDermott made certain statements on Left of Center's podcast (which is publicly available) and that Left of Center's members are McDermott and Smith. *Id.* ¶¶ 146-47, 159, 211. Still, Left of Center is not included in the allegations as an actor that had any particular level of intent regarding pecuniary harm or recognized or should have recognized the likelihood of such harm. Batistatos tries to correct this lack of intent or recognition by Left of Center in his response brief, but the Court is concerned with the sufficiency of the allegations in the complaint, not the arguments made in the response brief. A pleading cannot be amended via argument in a brief; at this stage of litigation, either the Court's leave or consent of the opposing party is needed. *See* Fed. R. Civ. P. 15(a)(2).

In short, even if Indiana recognizes the tort of injurious falsehood, Batistatos has failed to allege that Left of Center committed it because Bastistatos made only "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Accordingly, Batistatos's injurious falsehood claim against Left of Center is dismissed under Federal Rule of Procedure 12(b)(6).

## B. Defamation

Left of Center adopts and incorporates Smith's arguments regarding the defamation claims. *See* (Br. at 4-5, ECF No. 52). Relevant here is Smith's argument that Indiana law requires a defamation action to "specifically identify both the alleged defamatory statements and the speaker

of those statements, specifically attributing each statement to each separately named defendant." *Taylor v. Antisdel*, 185 N.E.3d 867, 874 (Ind. Ct. App. 2022); (Smith Br. at 10, ECF No. 48).

As noted above, the allegations against Left of Center are sparse. As with the injurious falsehood claim, Batistatos did not name Left of Center under the statement of either defamation claim in the Amended Complaint. (Am. Compl. ¶¶ 209-26 (defamation per se), ¶¶ 227-42 (defamation per quod)). Though Batistatos has alleged that McDermott made certain statements on Left of Center's podcast, Batistatos has fallen short of "specifically attributing" those statements to Left of Center and alleging defamation on the part of Left of Center. The only allegation that Left of Center defamed Batistatos is the insufficient and unadorned statement in paragraph 5 of the Amended Complaint that Batistatos's case "includes an action for the unfounded and defamatory statements . . . by . . . Left of Center Media, LLC . . . which caused significant damage to Mr. Batistatos's reputation . . . ." (Am. Compl. ¶ 5, ECF No. 40).

Accordingly, the Court dismisses the defamation claims against Left of Center.

## C. Concerted Action

Left of Center adopts and incorporates Smith's and McDermott's arguments regarding the claim for damages caused by concerted action. *See* (Br. at 4-5, ECF No. 52). Specifically, the relevant argument is that without an underlying tort, the concerted action claim must be dismissed. *See* (Smith Br. at 7, ECF No. 48); (McDermott Br. at 20, ECF No. 50). Under Indiana law, a concerted action claim (also known as a civil conspiracy claim) is not an independent cause of action but rather a cause of action for damages that must be alleged with an underlying tort. *Gordon v. Bank of New York Mellon Corp.*, 964 F. Supp. 2d 937, 942 (N.D. Ind. 2013). A civil conspiracy is "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Huntington Mortg. Co.*

*v. Debrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998). Because there is no underlying tort alleged against Left of Center, the claim for damages by concerted action also fails.

### D. Request for Fees

As this motion is being decided on Federal Rule 12(b)(6) and not Indiana's Anti-SLAPP statute, the Court does not award fees under the Anti-SLAPP statute.

### CONCLUSION

Based on the above, the Court **GRANTS** Left of Center Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Damages [DE 51] and **DISMISSES** the claims brought against Defendant Left of Center Media, LLC.

SO ORDERED on August 3, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT