UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SPEROS A. BATISTATOS,<br>    Plaintiff,<br><br>    v.<br><br>LAKE COUNTY CONVENTION AND<br>VISITORS BUREAU d/b/a SOUTH SHORE<br>CONVENTION AND VISITORS<br>AUTHORITY, CITY OF HAMMOND,<br>LEFT OF CENTER MEDIA, LLC,<br>THOMAS M. MCDERMOTT, JR. in his<br>official and individual capacity, KEVIN C.<br>SMITH in his official and individual capacity,<br>BRENT BRASHIER in his official and<br>individual capacity, MATTHEW MALONEY<br>in his official and individual capacity,<br>ANDREW E. QUNELL in his official and<br>individual capacity, THOMAS P. DABERTIN<br>in his official and individual capacity, and<br>MATTHEW M. SCHUFFERT in his official<br>and individual capacity.<br>    Defendants. | CAUSE NO.: 2:22-CV-254-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 49], filed by Defendants Thomas M. McDermott, Jr. and the City of Hammond ("Hammond") on January 19, 2023, and on a Motion to Strike [DE 65] filed by Defendants McDermott and Hammond on March 23, 2023. Responses and replies to both motions were filed.

**PROCEDURAL BACKGROUND**

Plaintiff Speros A. Batistatos initiated this lawsuit by filing a complaint in this Court on August 29, 2022. His claims center around the termination of his employment contract with the Lake County Convention and Visitors Bureau, doing business as South Short Convention and Visitors Authority (SSCVA), as its President and CEO. After Defendants filed an initial round of

motions to dismiss, Batistatos filed an Amended Complaint on December 5, 2022. Batistatos brings claims against McDermott and Hammond for tortious interference with contractual and business relationships, defamation per se and per quod, injurious falsehoods, and a claim for damages based on concerted action. McDermott and Hammond argue that the claims should be dismissed under either Federal Rule of Civil Procedure 12(b)(6) or Indiana's Anti-SLAPP[1] Act.

Batistatos responded in opposition to the motion to dismiss on March 1, 2023, and attached a declaration to his response. McDermott and Hammond filed a reply on March 23, 2023, and also moved to strike portions of the declaration on the same date. Batistatos opposed the motion to strike on April 14, 2023, and McDermott and Hammond replied in support on April 21, 2023.

## ANALYSIS

### A. Arguments under Federal Rule 12(b)(6)

*1.   Legal Standard*

The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the

---

[1] "SLAPP" stands for Strategic Lawsuits Against Public Participation, and Indiana's Anti-SLAPP Act is intended to provide a defense "[w]hen citizens are faced with meritless retaliatory lawsuits design to chill their constitutional rights of petition or free speech." *Gresk for Est. of VanWinkle v. Demetris*, 96 N.E.3d 564, 566 (Ind. 2018).

pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [their] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

2. *Tortious Interference*

Under Indiana law, the claims of tortious interference with a business relationship and tortious interference with a contractual relationship are similar. A claim for tortious interference with a business relationship requires: "(1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from defendant's wrongful interference with the relationship." *McCollough v. Noblesville Sch.*, 63 N.E.3d 334, 344 (Ind. Ct. App. 2016). The elements of a claim for tortious interference with a contractual relationship are: "(1) that a valid and enforceable contract exists; (2) the defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach." *Duty v. Boys & Girls Club of Porter Cnty.*, 23 N.E.3d 768, 774 (Ind. Ct. App. 2014).

McDermott and Hammond argue that Batistatos has not sufficiently alleged the intent and lack of justification elements of the claims. They also assert that the business relationship claim requires illegal action, which they maintain Batistatos has not alleged. They do not contest the other elements.

Batistatos counters that he alleged that McDermott and Hammond induced SSCVA to terminate Batistatos's employment and stop negotiating for a new employment contract with him by offering to drop a pending lawsuit if Batistatos's employment was terminated. *See* (Am. Compl. ¶¶ 204-05, ECF No. 40). The allegation that McDermott and Hammond offered a benefit (dismissal of a lawsuit) to SSCVA if they terminated Batistatos is sufficient to show intentional inducement of breach of contract. McDermott and Hammond do not challenge this conclusion in their reply, instead relying on their alternative argument to dismiss this count under the Anti-SLAPP Act.

As for the justification element, however, Batistatos has only conclusorily stated that McDermott and Hammond "wrongfully" bribed or exchanged an "unlawful" quid pro quo with the SSCVA. Absence of justification "is established only if the interferer acted intentionally, without a legitimate business purpose, and the breach is malicious and exclusively directed to the injury and damage of another." *Bilimoria Comput. Sys., LLC v. Am. Online, Inc.*, 829 N.E.2d 150, 156-57 (Ind. Ct. App. 2005). Batistatos fails to allege sufficient factual matter to plead absence of justification as explained in *Bilimoria* to the plausibility standard required by *Twombly* and *Iqbal*, so the Court dismisses the tortious interference claim against McDermott and Hammond under Rule 12(b)(6).

### 3. Concerted Action

Under Indiana law, a concerted action claim (also known as a civil conspiracy claim) is not an independent cause of action but rather a cause of action for damages that must be alleged with an underlying tort.[2] *Gordon v. Bank of New York Mellon Corp.*, 964 F. Supp. 2d 937, 942 (N.D. Ind. 2013). A civil conspiracy is "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Huntington Mortg. Co. v. Debrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998).

McDermott and Hammond argue that, because all the other claims Batistatos brings against them fail, the claim for damages from concerted action must also be dismissed. However, as discussed below, the Court is not dismissing the other claims against McDermott and Hammond at this time, so this claim is supported by underlying torts and therefore survives.

### B. Arguments Under Anti-SLAPP

The Court, sitting in diversity for claims covered by the Anti-SLAPP motion, follows the substantive law of Indiana and the procedural law of the federal system. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Indiana law, when a person files a motion to dismiss under the Anti-SLAPP Act, the Court treats the motion as a motion for summary judgment. Ind. Code § 34-7-7-9(a)(1). There is no conflict with federal law here in treating the motion as one for summary judgment because federal rules permit the conversion of a motion to dismiss to a motion for summary judgment where, as is the case here, matters outside of the pleadings have been presented to the Court. Fed. R. Civ. P. 12(d). So, for the arguments brought under the Anti-SLAPP Act, the

---

[2] Though *Carter v. State Farm Fire & Cas. Co.*, 850 F. Supp. 2d 946, 952 (S.D. Ind. 2012), questioned whether civil claims not sounding in tort could support a concerted action claim, the Indiana Court of Appeals recently reaffirmed that concerted action claims "most be considered together with an underlying alleged tort." *Holland v. Ketcham*, 181 N.E.3d 1030, 1039 (Ind. Ct. App. 2021) (quoting *Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014)).

Court is able to convert the motion to one for summary judgment under Rule 12(d) and apply Federal Rule of Civil Procedure 56. However, as will be shown below, the Court determines that, in light of the striking of certain provisions of Batistatos's declaration, dismissal without prejudice is appropriate to allow a reasonable opportunity to present the pertinent material as required by Federal Rule of Civil Procedure 12(d).

1. *Motion to Strike[3] Batistatos's Declaration*

    a. Legal Standard

When used to support or oppose a motion for summary judgment, a declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Legal arguments are not admissible evidence in affidavits or declarations. *Chen v. Mayflower Transit, Inc.*, 315 F. Supp. 2d 886, 923 (N.D. Ill. 2004); *see also Pfeil v. Rogers*, 757 F.2d 850, 862 (7th Cir. 1985) ("[L]egal argument in an affidavit may be disregarded.")

    2. Contested Declarations

McDermott and the City of Hammond ask the Court to strike portions of Batistatos's declaration submitted with the response to the motion to dismiss, arguing that the contested portions "consist of rank hearsay, innuendo, speculation, legal conclusions, or assertions without personal knowledge, or are otherwise inadmissible." (Mot. Strike ¶ 4, ECF No. 65).

McDermott and the City of Hammond challenge paragraphs 17, 18, 19, 21, 22, 23, 25, 26, 31, 34, and 35 as containing legal argument or conclusions, which as noted above are not admissible evidence and subject to motions to strike. The arguments are well-taken. That Batistatos

---

[3] In the interest of justice and noting the interesting procedural posture of the contemplated conversion of the Anti-SLAPP motion to dismiss to a motion for summary judgment, the Court suspends Northern District of Indiana Local Rule 56-1(f), which requires evidentiary disputes to be raised in summary judgment briefing and not in separate motions. *See* N.D. Ind. L.R. 1-1(b).

states that he disputes a claim made by McDermott does not mean that, as a legal matter, there actually exists a genuine dispute of material fact sufficient to withstand summary judgment.

Most of the challenged paragraphs are stricken in full, specifically paragraphs 17, 18, 19, 21, 22 23, and 25. Paragraph 31 states "Mr. McDermott had no basis for stating that I picked my own bosses in Paragraph 24 of the *Declaration of Thomas McDermott*." While perhaps a legal argument, the Court strikes this paragraph on the alternate argument presented of not being based on personal knowledge.

The Court also strikes (1) the second part of paragraph 26 beginning with "and indeed the statute itself" and continuing to the end of the paragraph, (2) the first part of paragraph 34 up to "as I see fit", and (3) the sentence of paragraph 35 for those portions being legal argument. The other portions of these paragraphs remain unstricken.

Paragraph 16 is Batistatos's declaration that, based on his observation of the usual course of business and communication, Dabertin would have informed McDermott about the planned termination of Batistatos's employment before the meeting when that decision was finalized. McDermott and Hammond challenge this paragraph as speculative and made without personal knowledge, but the Court overrules those objections, finding that Batistatos may testify on the usual course of business between Dabertin and McDermott as based on Batistatos's observation of the same.

Paragraph 8 is challenged as hearsay. Batistatos declares "I was told by Matthew Schuffert and Andrew Qunell that I would get a draft of the new employment agreement before the end of the year." (Decl. ¶ 8, ECF No. 56-1). In his response to the motion to dismiss, Batistatos uses this paragraph for the truth of the matter asserted. As for the instant motions, it is not offered against

7

Schuffert or Qunell, and though Batistatos tries to bring a conspiracy claim, this statement is not made in furtherance of that asserted conspiracy. The Court strikes paragraph 8.

In paragraphs 9 and 12, Batistatos references out of court statements by unnamed speakers. McDermott and Hammond challenge these statements as hearsay. By not naming the speaker, Batistatos cannot avoid the rule against hearsay by claiming that these are statements of party opponents. Similarly, arguing that the statement shows state of mind, intent, or plan is not meaningful without knowing who the speaker is. As for paragraph 12 specifically, despite Batistatos's protestations, he is attempting to use the truth of matter asserted by the unnamed speaker—that McDermott and Qunell were observed having lunch in public about one day before Batistatos's employment was terminated—to support the allegations of conspiracy. Batistatos cannot rehabilitate this paragraph by asserting that the declarant could be called to testify at trial. Batistatos only has personal knowledge of the statement by the unnamed speaker. He does not have personal knowledge of the matters the unnamed speaker disclosed, and an affidavit must be made on personal knowledge and show that the *declarant* is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). The Court strikes paragraphs 9 and 12.

2.   *Request for Anti-SLAPP Dismissal*

As stated above, the Court may, under Federal Rule of Civil Procedure 12(d), convert the Anti-SLAPP motion to dismiss to a motion for summary judgment. However, the Court is mindful that, due to the circumstances presented by the Anti-SLAPP motion, the parties have not yet engaged in discovery, and certain stricken matters of the affidavit might be shown by other evidence if the parties had engaged in discovery. Indeed, Batistatos has requested the opportunity to take discovery if the Court strikes any portion of his declaration. Federal Rule of Civil Procedure 12(d) mandates that "[a]ll parties must be given a reasonable opportunity to present all the material

that is pertinent to the motion." The Court finds that limited discovery on the claims that remain pending against McDermott and Hammond is necessary to provide a reasonable opportunity to present the pertinent material to the Court for decision. Therefore, the Court denies without prejudice the rest of the motion to dismiss so that the parties can engage in limited discovery related to whether any part of this lawsuit should be dismissed under Indiana's Anti-SLAPP Act.

### C. Request for Fees

Because the dismissed tortious interference claim is dismissed under Rule 12(b)(6) and not Indiana's Anti-SLAPP Act, the Court denies the request for fees.

### CONCLUSION

Based on the above, the Court **GRANTS in part** and **DENIES without prejudice in part** the Motion to Dismiss [DE 49]. The Court **DISMISSES** for failure to state a claim the claim of tortious interference brought against McDermott and the City of Hammond. The Court also **GRANTS in part** and **DENIES in part** the Motion to Strike [DE 65] as outlined above.

The Court **DIRECTS** Hammond, McDermott, and Batistatos to submit a joint statement **on or before August 18, 2023** that states (1) proposed limited discovery schedule(s) to enable all parties to present the material pertinent to a refiled motion under Anti-SLAPP and (2) whether the parties are willing to participate in a judicial settlement conference before incurring the costs associated with rebriefing the Anti-SLAPP motion and discovery.

SO ORDERED on August 8, 2023.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT