UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SPEROS A. BATISTATOS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>LAKE COUNTY CONVENTION AND<br>VISITORS BUREAU d/b/a SOUTH<br>SHORE CONVENTION AND VISITORS<br>AUTHORITY, *et al.*,<br>　　　　Defendants. | )<br>)<br>)<br>)　CAUSE NO.: 2:22-CV-254-JVB-JEM<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider Order Dismissing Claims Against Left of Center Media, LLC [DE 104] filed by Plaintiff Speros A. Batistatos on February 2, 2024. Defendant Left of Center Media, LLC ("Left of Center") filed a response on February 16, 2024, and Batistatos filed a reply on February 23, 2024.

On August 3, 2023, the Court granted a motion to dismiss claims brought against Left of Center in Batistatos's Amended Complaint. The Court dismissed the injurious falsehood claim, finding that, even in Indiana recognizes such a claim, Batistatos had not alleged the intent element as to Left of Center. The defamation claim was dismissed because Batistatos did not specifically attribute any allegedly defamatory statement to Left of Center. Finally, without an underlying tort surviving the motion to dismiss, the concerted action claim for damages was also dismissed.

Batistatos now asks the Court to reconsider that decision, arguing that Batistatos could add facts to his pleaded allegations, via his response brief and attached declaration, consistent with his pleading to oppose the motion to dismiss his complaint. Batistatos also argues, in the alternative, that recent statements by Defendant Thomas McDermott and Defendant Kevin Smith "demonstrate the validity" Batistatos's claims against Left of Center.

## ANALYSIS

"While motions for reconsideration can serve a valuable function by helping, under appropriate circumstances, to ensure judicial accuracy, motions for reconsideration are generally disfavored." *McCarty v. Menards*, 327 F.R.D. 177, 179 (N.D. Ill. 2018) (citations omitted). "[The District] Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 933 (7th Cir. 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

Batistatos's request does not fall under Federal Rule of Civil Procedure 59 or 60. Rule 59 applies to requests for new trials or alterations or amendments to judgments. In this proceeding, there has been no trial, and judgment has not been entered. Rule 60 applies to requests for relief from final judgments, orders, or proceedings. Fed. R. Civ. P. 60, Advisory Committee Notes on 1946 Amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders, or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). "Generally, if an action involves either multiple parties or one party with multiple claims, the dismissal of some but not all of the parties or claims is not immediately appealable; the parties or claims that still exist prevent the order from being 'final.'" *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011) (citing *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1216-17 (7th Cir. 1990); Fed. R. Civ. P. 54(b)).

Accordingly, Batistatos's request for reconsideration of the order granting dismissal of the claims against Left of Center falls under the district court's inherent power and is a matter for the

court to rule on as a matter of its sound discretion. *See Wilson ex rel. Adams v. Cahokia Sch. Dist. No. 187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007).

Batistatos argues that the Court should have considered his declaration and facts presented in his response brief in ruling on the motion to dismiss. This conflicts with Batistatos's response to the motion to dismiss, in which he stated that "the Court may only consider the facts alleged in Mr. Batistatos's Amended Complaint." (Resp. Mot. Dismiss at 4, ECF No. 58).

In support of the Court considering his declaration, Batistatos cites (1) several district court cases, (2) a Seventh Circuit Court of Appeals case predating the end of notice pleading occasioned by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 661 (2009), and (3) *Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015). It is this final, precedential case that gives the Court pause. In *Smith*, the circuit court noted that "a plaintiff may assert additional facts in a motion to defeat dismissal, [but] he or she cannot amend his or her complaint to state new claims in such a motion." 803 F.3d at 311. The *Smith* court decided that the plaintiff's addition, via his response, of allegations that the food he received while in pretrial detention "is well below nutritional value" made "all the difference" to his allegations of inadequate food raised in his pro se complaint that provided the daily menu but did not make explicit allegations of nutritional insufficiency. *Id.* at 311-12.

Still, the Court is unsure how to reconcile *Smith* with *Twombly* and *Iqbal*. As the Court stated in previous orders, the purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the *pleading*. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The "*complaint* must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (emphasis added). A complaint is facially plausible if a court can reasonably infer

3

from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). Giving plaintiffs *carte blanche* to add to their complaints through response briefs, so long as the new allegations are consistent with the existing allegations, appears to flout the Supreme Court's requirement that the complaint itself contain the factual matter sufficient to state a plausible claim.

Perhaps *Smith* is meant to apply only to pro se pleadings, which courts must construe liberally. *See Smith*, 803 F.3d at 309 (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). Or, perhaps the *Smith* court only meant that it is permissible, in a response, to assert what one believes are the logical inferences to be drawn from the properly pleaded factual allegations (e.g., that the alleged daily menu constitutes constitutionally insufficient nutrition for pretrial detainees).

Regardless, the Court need not resolve this issue. Though Batistatos, in responding to the motion to dismiss, did not request the Court's permission to amend his pleading, the Court finds that it is in the interest of justice for Batistatos to be given an opportunity to amend his claims against Left of Center. The Court will convert the dismissal of Left of Center to a dismissal without prejudice, after which Batistatos will be permitted, under Federal Rule of Civil Procedure 15(a)(2), to seek amendment of his pleading.

## CONCLUSION

Therefore, the Court **GRANTS with relief different than requested** Plaintiff's Motion to Reconsider Order Dismissing Claims Against Left of Center Media, LLC [DE 104] and **ORDERS** that the dismissal of Defendant Left of Center Media, LLC ordered in docket entry 87 is **CONVERTED** to a **DISMISSAL without prejudice**.

SO ORDERED on June 18, 2024.

                                               s/ Joseph S. Van Bokkelen
                                               JOSEPH S. VAN BOKKELEN, JUDGE
                                               UNITED STATES DISTRICT COURT