UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SPIROS BATISTATOS,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CAUSE NO.: 2:22-CV-254-JVB-JEM |
| LAKE COUNTY CONVENTION AND<br>VISITORS BUREAN d/b/a SOUTH<br>SHORE CONVENTION AND VISITORS<br>AUTHORITY, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) | |

**PROTECTIVE ORDER**

This matter is before the Court on an Unopposed Motion Requesting Approval and Entry of the Parties' Stipulated Protective Order [DE 123], filed by the parties on July 1, 2024. The parties request that the Court enter their agreed protective order. Accordingly, on review of the instant motion and noting the agreement of the praties, the Court hereby **GRANTS** the Unopposed Motion Requesting Approval and Entry of the Parties' Stipulated Protective Order [DE 123] and **ORDERS**:

    **I.**    **SCOPE OF PROTECTED INFORMATION**

In the course of discovery in this action, the Parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party, another party, or a non-party. The Parties anticipate production of the following categories of protected information ("Protected Information"):

    (1) Non-public business records the disclosure of which could result in competitive or

economic harm to Defendants (and/or any entities related to a party) or invade the privacy of individuals and/or non-parties;

(2) Business or individual financial records, medical records, tax records, or personal non-public information, the disclosure of which could result in competitive or economic harm to Defendants and/or Plaintiff or invade the privacy of individuals and/or non-parties; and

(3) Documents, personnel files/records or other materials containing personal identifying information, including dates of birth, Social Security numbers, and financial information; documents; and personnel files/records or other materials pertaining to current employees, and/or to Plaintiff or other former employees any defendant, that reference or include medical records, medical history, or other uniquely personal information (including payroll, compensation, benefit information, and/or performance evaluations).

II. **DESIGNATION OF PROTECTED INFORMATION**

   A. **Scope:** This Order governs the production and handling of any Protected Information in this action. Any party or non-party who produces Protected Information in this action may designate it as "Confidential" consistent with the terms of this Order. In addition, a party may designate as "Confidential" Protected Information produced by another party if that Protected Information pertains to it or him. "Designating Party" means the party or non-party who so designates the Protected Information; "Receiving Party" means the party or non-party to whom the information was produced or disclosed. Whenever possible, the Designating

2

Party must designate only those portions of a document, deposition, transcript, or other material that contains the Protected Information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its Protected Information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and Northern District of Indiana Local Rule 37-1.

B. **Application to Non-Parties:** Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as **Exhibit A**; if it fails to do so, the Parties to this action must resolve any dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as **Exhibit A**.

C. **Timing and Provisional Protection:** Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or

3

more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. The designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D. **Manner of Designation:** Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" on each designated page of the document or electronic image.

III. **CHALLENGES TO DESIGNATED INFORMATION**

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve the challenge in good faith on an informal basis with the Designating Party pursuant to Local Rule 37-1. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the

designated information is otherwise competent, relevant, or material.

IV. **LIMITED ACCESS/USE OF PROTECTED INFORMATION**

    A. **Restricted Use:** Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of the information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

    B. **Access to "Confidential" Information:** The Parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

5

1. The Court, its personnel, and court reporters;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. The Parties, including their agents and employees who are assisting or have reason to know of this action, so long as each the agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as **Exhibit A**;

4. Experts or consultants employed by the Parties or their counsel for purposes of this action, so long as each expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as **Exhibit A**; and

5. Other witnesses or persons with the Designating Party's consent or by court order.

    C. **Review of Witness Acknowledgments:** At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within 3 business days of the demand, provide all copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided

6

contemporaneously with any reports issued by one or more expert. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

D. **Non-Waiver Effect of Designations:** Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

E. **In-Court Use of Designated Information:** If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

7

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

V.   **CLAW-BACK REQUESTS**

  A. <u>**Failure to Make Designation**</u>**:** If, at any time, a party or non-party discovers that it or another party produced or disclosed Protected Information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistent with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

  B. <u>**Inadvertent Production of Privileged Information**</u>**:** In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is produced unintentionally and/or without authorization by any party to this proceeding, the producing party may request that

8

the document be returned. In the event that a request is made, a receiving party must follow the procedure outlined by Federal Rule of Civil Procedure 26(b)(5)(B) by promptly returning, sequestering, or destroying the specified information and any copies it has. The receiving party must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. The producing party shall also promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter. The Parties must also comply with Local Rule 37-1 before seeking Court intervention to resolve any related dispute.

## VI. DURATION/CONTINUED RESTRICTIONS

A. **Handling of Designated Information Upon Conclusion of Action**: Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored. Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information

9

      hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

   B. **<u>Continued Restrictions Under this Order</u>:** The restrictions on disclosure and use of confidential information survive the conclusion of this action. The Court does not retain jurisdiction to enforce this Stipulated Protective Order after the conclusion of this action.

## VIII. REQUESTS TO SEAL

This Stipulated Protective Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with Local Rule 5-3. Any party and any interested member of the public may challenge the sealed filing of documents in this Action by filing an objection with the Court. Nothing in this Protective Order is intended to prevent any person from raising with the Court any concern that the non-disclosure of certain confidential material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office. *See Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002) (*citing Citizens First Nat'l Bank of Princeton v.*

*Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999)).

    SO ORDERED this 16th day of July, 2024.

                                               s/ John E. Martin_____
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:    All counsel of record

EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| SPIROS BATISTATOS,<br>　　Plaintiff,<br><br>　　　v.<br><br>LAKE COUNTY CONVENTION AND<br>VISITORS BUREAN d/b/a SOUTH<br>SHORE CONVENTION AND VISITORS<br>AUTHORITY, *et al.*,<br>　　Defendants. | CAUSE NO.: 2:22-CV-254-JVB-JEM |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read the Stipulated Protective Order in this matter. The undersigned further agrees they (i) are bound under the Stipulated Protective Order, (ii) will comply with all of its provisions, and (iii) are subject to the jurisdiction of the Court for all purposes arising under the Stipulated Protective Order, including enforcement of its terms.

_____
(Signature)

_____
(Printed Name)

Executed this _____ day of _____, 20\_\_\_.