UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SPEROS A. BATISTATOS,      ) | |
|     Plaintiff,      ) | |
| ) | |
| v.      ) | CAUSE NO.: 2:22-CV-254-JVB-JEM |
| ) | |
| LAKE COUNTY CONVENTION AND      ) | |
| VISITORS BUREAU d/b/a SOUTH SHORE      ) | |
| CONVENTION AND VISTORS      ) | |
| AUTHORITY, *et al.*,      ) | |
|     Defendants.      ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 148] filed by Defendants City of Hammond and Thomas M. McDermott, Jr. on September 24, 2024, on SSCVA's,[1] [Brent] Brashier's, [Matthew] Maloney's, [Andrew E.] Qunell's, [Thomas P.] Dabertin's and [Matthew M.] Schuffert's[2] Motion for Dismissal of Plaintiff's Concerted Action Claim (Count VIII) [DE 154], filed on September 24, 2024, and on a Motion to Dismiss Plaintiff's Second Amended Complaint [DE 166] filed by Defendant Left of Center Media, LLC ("Left of Center") on October 22, 2024. Plaintiff Speros A. Batistatos responded to the former two motions on October 22, and the latter motion on November 12. The respective defendants filed replies on October 29 and November 19.

**PROCEDURAL BACKGROUND**

Batistatos initiated this lawsuit by filing a complaint in this Court on August 29, 2022. His claims center around the termination of his employment contract with the Lake County Convention and Visitors Bureau, doing business as South Short Convention and Visitors Authority (SSCVA),

---

[1] SSCVA stands for South Shore Convention and Visitors Authority.

[2] These movants are hereafter collectively referred to as the "SSCVA Defendants."

as its President and CEO. After Defendants filed an initial round of motions to dismiss, Batistatos filed an Amended Complaint on December 5, 2022. A second round of motions to dismiss followed, and after the Court's rulings, Batistatos filed a Second Amended Complaint (with the Court's leave) on September 10, 2024.

In this pleading, Batistatos brings claims against the SSCVA for Age Discrimination in Employment (Count I), Retaliation in Violation of the First Amendment (Count II), Breach of Contract (Count III), and Breach of Duty of Good Faith and Fair Dealing (Count IV). Count II is also brought against Brashier, Maloney, Qunell, Dabertin, and Schuffert (collectively, the "Board Members"). Batistatos also brings claims against Hammond, McDermott, and Left of Center for Defamation Per Se (Count V), Defamation Per Quod (Count VI), and Injurious Falsehoods (Count VII). Finally, Batistatos brings a claim for damages against all of the defendants for Concerted Action (Count VIII).

All of the defendants argue that the concerted action claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Additionally, Hammond and McDermott argue that the other claims alleged against them should be dismissed or severed due to misjoinder, and Left of Center argues that all of the claims alleged against it should be dismissed under Rule 12(b)(6).

## ANALYSIS

### A. Rule 12(b)(6) Challenge to Concerted Action Claim

The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet

2

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [their] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

Under Indiana law, a concerted action claim (also known as a civil conspiracy claim) is not an independent cause of action but rather a cause of action for damages that must be alleged with an underlying tort.[3] *Gordon v. Bank of New York Mellon Corp.*, 964 F. Supp. 2d 937, 942 (N.D. Ind. 2013). A civil conspiracy is "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Huntington Mortg. Co. v. Debrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998). "Thus, an allegation of civil conspiracy is just another way of asserting a concerted action in the commission of a tort." *Birge v. Town of Linden*, 57 N.E.3d 839, 846 (Ind. Ct. App. 2016) (internal quotation

---

[3] Though *Carter v. State Farm Fire & Cas. Co.*, 850 F. Supp. 2d 946, 952 (S.D. Ind. 2012), questioned whether civil claims not sounding in tort could support a concerted action claim, the Indiana Court of Appeals more recently reaffirmed that concerted action claims "must be considered together with an underlying alleged tort." *Holland v. Ketcham*, 181 N.E.3d 1030, 1039 (Ind. Ct. App. 2021) (quoting *Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014)).

marks and citation omitted). All members must take a tortious action to be part of the concerted action. *See K.M.K. v. A.K.*, 908 N.E.2d 658, 664 (Ind. Ct. App. 2009) ("[Plaintiff] must allege a concerted action in the commission of a tort that resulted in damages. [Plaintiff], however, has failed to allege the commission of any tort by [Defendant]." (citation omitted)).

1.  Hammond and McDermott

Hammond and McDermott argue that Batistatos does not allege concerted action regarding an underlying tort common to the other Defendants in this case. Batistatos counters that Hammond and McDermott were co-conspirators for the breach of the duty of good faith and fair dealing claim brought against the SSCVA. Hammond and McDermott in turn insist that there are insufficient factual allegations of an agreement between the SSCVA, Hammond, and McDermott to make Count VIII plausible.

Indiana recognizes the duty of good faith and fair dealing in employment contracts. *Old Nat. Bank v. Kelly*, 31 N.E.3d 522, 531 (Ind. Ct. App. 2015). Though there was an employment contract between Batistatos and the SSCVA, neither Hammond nor McDermott were parties to that contract. And, as Hammond and McDermott argue, there are no plausible allegations of tortious activity by Hammond or McDermott in service of the alleged conspiracy to breach the duty of good faith and fair dealing.

In his Second Amended Complaint, Batistatos alleges that McDermott, Mayor of Hammond, stated publicly that he would drop a lawsuit against the SSCVA if the SSCVA fired Batistatos. (2d Am. Compl. ¶ 130, ECF No. 145). Batistatos also alleges that McDermott pursued a decade-long vendetta against Batistatos that included defamatory and disparaging remarks about him. *Id.* ¶ 142. He asserts that the SSCVA violated the duty of good faith and fair dealing that it owed Batistatos when it agreed to terminate Batistatos' employment for the dismissal of

4

Hammond's lawsuit against the SSCVA, *id.* ¶ 195, that all of the Defendants were aware of the employment agreement and relationship between Batistatos and the SSCVA, *id.* ¶ 259, and that the SSCVA, Hammond, and McDermott "wrongfully agreed to exchange Mr. Batistos's termination for the dismissal of the City of Hammond's lawsuit," *id.* ¶ 261.

Batistatos has not alleged facts sufficient to plausibly allege this "wrongful" agreement. That it was wrongful is a legal conclusion, and the facts as alleged do not support the conclusory allegation of a wrongful agreement. The public statement that the lawsuit would be dropped if Batistatos lost his employment is not facially tortious.[4]

Batistatos, in his response, advances the new theory that the allegations that McDermott defamed Batistatos could be seen as connected to the termination of Batistatos's employment contract. However, there are no allegations in the Second Amended Complaint to connect the defamation and injurious falsehood claims to the concerted action claim. The allegation in the complaint is that the relevant parties agreed to terminate Batistatos's employment with the SSCVA in exchange for the dismissal of Hammond's pending lawsuit against the SSCVA. The Court will not permit Batistatos to amend his pleading through argument in his response brief.

Accordingly, the Court dismisses the concerted action claim as to Hammond and McDermott.

---

[4] Batistatos identifies *Watkins v. Penn*, a non-precedential decision from Indiana's Southern District. No. 1:06-CV-1473, 2007 WL 4224200 (S.D. Ind. Nov. 26, 2007). In that case, the court found that the allegations of a defendant's participation in a concerted action need not be alleged as a *separate* claim. *Id.* at *3. However, the court noted that the defendant at issue had allegedly "intentionally provided grossly inflated property appraisals in order to induce mortgage lenders to provide loans well in excess of the fair market values of the relevant properties, thereby furthering the overall conspiracy." *Id.* Thus, *Watkins*, with its factual allegations of wrongdoing by the defendant, is distinguishable from the instant case, where there are no factual allegations supporting the conclusory allegation that McDermott and Hammond acted wrongfully.

2. <u>Left of Center</u>

Batistatos alleges in the Second Amended Complaint that McDermott, Mayor of Hammond, stated publicly that he would drop a lawsuit against the SSCVA if the SSCVA fired Batistatos. (2d Am. Compl. ¶ 130, ECF No. 145). Batistatos neither alleges that this statement was made on the Left of Center Podcast nor connects this allegation in any way to McDermott's ownership interest in Left of Center. Even assuming that McDermott acts as Left of Center's agent when he hosts the podcast, the allegations here are insufficient to plausibly allege that the statement regarding dropping Hammond's lawsuit was made by McDermott in his capacity as Left of Center's agent.

Batistatos also alleges that McDermott pursued a decade-long vendetta against Batistatos that included defamatory and disparaging remarks about him. *Id.* ¶ 142. Batistatos asserts that the SSCVA violated the duty of good faith and fair dealing that it owed Batistatos when it agreed to terminate Batistatos' employment for the dismissal of Hammond's lawsuit against the SSCVA, *id.* ¶ 195, that all of the Defendants were aware of the employment agreement and relationship between Batistatos and the SSCVA, *id.* ¶ 259, and that the SSCVA and Left of Center (among others) "wrongfully agreed to exchange Mr. Batistos's termination for the dismissal of the City of Hammond's lawsuit," *id.* ¶ 261.

However, there are no allegations in the Second Amended Complaint to connect the statements at issue in the defamation and injurious falsehood claims (many of which were made on the Left of Center Podcast) to the concerted action claim. The allegation in the complaint is that the SSCVA and Left of Center agreed to the termination of Batistatos's employment with the SSCVA in exchange for the dismissal of Hammond's pending lawsuit against the SSCVA, but the sole statement supporting this agreement—made by McDermott—is not plausibly alleged to be

attributable to Left of Center. Therefore, the concerted action claim is dismissed as to Left of Center.

### 3. The SSCVA Defendants

#### a. The Board Members

Brashier, Maloney, Qunell, Dabertin, and Schuffert (collectively, "the Board Members") argue that the concerted action claim brought against them should be dismissed because Batistatos has not alleged that they committed an underlying tort. They note that Batistatos alleges "SSCVA, in a concerted action with all of the Defendants, violated the duty of good faith and fair dealing by wrongfully agreeing to exchange Mr. Batistatos's termination for cause—without any actual basis—for the dismissal of the City of Hammond's lawsuit," but contend that they—as individuals, are incapable of violating the duty of good faith and fair dealing because no contract exists between Batistatos and them in their individual capacities.[5] (Am. Compl.¶ 260, ECF No. 145).

It is true that Batistatos has asserted that all of the defendants acted in concert, but this is a legal conclusion that requires supporting factual allegation. The factual allegation is only that "SSCVA . . . wrongfully agree[d] to exchange Mr. Batistatos's termination," and there is no factual allegation of tortious actions by the Board Members in their individual capacities. The concerted action claims is dismissed as to the Board Members.

#### b. The SSCVA

With the concerted action claim dismissed as to all other parites, there is no concerted action to allege against the SSCVA, as there is no one plausibly alleged to have acted in concert with the SSCVA. The concerted action claim is therefore dismissed against the SSCVA as well.

---

[5] "The duty of good faith and fair dealing cannot exist independent of a valid contract in . . . Indiana." *Ball v. Versar, Inc.*, No. IP01- 0531-C-H, 2002 WL 33964449, at *6 (S.D. Ind. Sept. 6, 2002).

### B. Liability of Left of Center

Left of Center argues that Batistatos has not alleged facts to plausibly claim that the statements and actions of McDermott relevant to this lawsuit are attributable to Left of Center. In Indiana, there are three elements to an agency relationship: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent." *Demming v. Underwood*, 943 N.E.2d 878, 884 (Ind. Ct. App. 2011) (citing *Douglas v. Monroe*, 743 N.E.2d 1181, 1186 (Ind. Ct. App. 2001)).

Batistatos insists that allegations in the Second Amended Complaint provide sufficient factual support to plausibly plead an agency relationship. The alleged facts are that McDermott is "a co-owner and member of Left of Center and thus acts as its agent on [Left of Center Podcast]." (2d Am. Compl. ¶ 147, ECF No. 145). McDermott "is a host" of Left of Center Podcast. *Id.* ¶ 34. Left of Center Podcast is owned by Left of Center. *Id.* ¶ 33.

The Court need not determine the status of any agency relationship between McDermott and Left of Center, however, because Batistatos also contends that Left of Center can be held liable for statements made on the Left of Center Podcast because it is the publisher of the podcast on which the statements were made. In Indiana, both the person making a defamatory statement and the publisher of that defamatory statement are jointly and severably liable for the defamation. *Sourbier v. Brown*, 123 N.E. 802, 803 (Ind. 1919). By publishing the Left of Center Podcast, Left of Center can be held liable for defamatory statements made on that podcast regardless of whether the statement were made by someone with an agency relationship with Left of Center.

The Court previously noted that Indiana courts have not clarified whether injurious falsehood is a claim the state recognizes but that, to the extent it is recognized, Batistatos and Left of Center agree that the Restatement (Second) of Torts provides the elements of the claim. *See*

(Op. & Order 3, Aug. 3, 2023, ECF No. 87). One of the elements as set forth in the Restatement that the *publisher* of a statement "intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so." Restatement (Second) of Torts § 623A (1977).

Thus, as with the defamation claims, it is not necessary to establish that McDermott made the alleged statements at issue as an agent of Left of Center because Left of Center can bear liability as a publisher of the relevant statements. That is, even assuming no agency relationship between McDermott and Left of Center exists, Left of Center can be liable for the statements it published.

In its reply, Left of Center argues for the first time that, even if it can be held liable as a publisher, Batistatos has failed to allege that Left of Center acted with actual malice. "[A]rguments raised for the first time in a reply brief are waived," *United States v. Cruse*, 805 F.3d 795, 818 n.7 (7th Cir. 2015), so the Court does not consider this waived argument.

Therefore, the Court denies the motion to dismiss the defamation and injurious falsehood claims against Left of Center.

### C. Misjoinder

Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Hammond and McDermott assert that, with the concerted action claim dismissed, Batistatos cannot meet the standard for joinder of defendants. Left of Center has also incorporated this argument by reference. (Left of Center Mem. 7, ECF NO. 167). These Defendants, whom the Court will collectively refer to as the "Defamation Defendants," ask for

9

dismissal or severance of the remaining claims against them. Federal Rule of Civil Procedure 21 explicitly states that "[m]isjoinder of parties is not a ground for dismissing an action," so the Court considers whether the claims against the Defamation Defendants should be severed.

Batistatos maintains that all of his claims are logically connected to the central theme of Batistatos's performance as an SSCVA employee. He also points to the counterclaims pending against him—based on allegations of fraud and unjust enrichment related to Batistatos's vacation time while an SSCVA employee—in an attempt to tie together the allegations against the defendants into a situation where joinder of defendants is permitted.

The Defamation Defendants do not challenge Batistatos's assertion that the first prong of permissive joinder (arising out of the same transaction or occurrence) is met. Still, the Court has not found—and Batistatos has not identified—a common question of law or fact, which is the second requirement for joinder under Rule 20(a)(2). Batistatos notes "direct overlap" between alleged defamatory statements made by McDermott and the conduct alleged in the counterclaims, but the alleged statements at issue are not on the topic of whether Batistatos misused or misreported his vacation time while an SSCVA employee. The Court severs the claims against the Defamation Defendants from the claims against the SSCVA defendants.

## CONCLUSION

Based on the above, the Court hereby:

(1) **GRANTS in part** and **GRANTS the alternative relief in part** the Motion to Dismiss [DE 148],

(2) **GRANTS** SSCVA's, Brashier's, Maloney's, Qunell's, Dabertin's and Schuffert's Motion for Dismissal of Plaintiff's Concerted Action Claim (Count VIII) [DE 154], and

(3) **DENIES in part** and **GRANTS the alternative relief in part** the Motion to Dismiss Plaintiff's Second Amended Complaint [DE 166].

The Court **ORDERS** that Count VIII is **DISMISSED**.

The Court **ORDERS** the remaining claims against McDermott, Hammond, and Left of Center (that is, Counts V, VI, and VII) are **SEVERED** from this cause of action.

The clerk of court is **DIRECTED** to open a new case with Hammond, McDermott, and Left of Center as defendants, who do not need to be served with process in the new case. These same parties shall be termed in the instant, original case (cause number 2:22-CV-254). The instant order and all previous docket entries shall be copied into the new case. No amended complaint need be filed in the new case. The filing date of the new case will be August 29, 2022. This new case is not consolidated with but is related to the instant, original case, and therefore the same judges should be assigned to the new case in accordance with Northern District of Indiana Local Rule 40-1(e).

SO ORDERED on February 13, 2025.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT
