UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SPEROS A. BATISTATOS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:22-CV-254-DRL-JEM |
| | ) | |
| LAKE COUNTY CONVENTION AND | ) | |
| VISITORS BUREAU d/b/a SOUTH | ) | |
| SHORE CONVENSION AND VISITORS | ) | |
| AUTHORITY, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Maintain Under Seal Exhibits to Plaintiff's Motion to Reconsider Dismissal of Concerted Action Claim and State Law Claims as well as to Rejoin Cases [DE 192], filed August 28, 2025. Plaintiff represents that two exhibits in support of his motion were designated as confidential by Defendants and requests that they be maintained under seal.

Documents that "influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (quoting *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002)); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("both judicial opinions and litigants' briefs must be in the public record, if necessary in parallel versions–one full version containing all details, and another redacted version with confidential information omitted"). Therefore, the Court must determine whether there is "good cause" to seal these particular documents. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The existence of a protective

1

order is insufficient to keep a document under seal. *See Baxter*, 297 F.3d at 546 ("[T]he parties' joint motion made no effort to justify the claim of secrecy. It was simply asserted, mostly on the basis of the agreement but partly on the ground that these are commercial documents. That won't do. . . The motion did not analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately may be kept from public inspection."). Accordingly, any party seeking to retain the documents under seal must explain why they should be sealed, with reference to the applicable legal criteria.

Accordingly, the Court **TAKES UNDER ADVISEMENT P**laintiff's Motion to Maintain Under Seal Exhibits to Plaintiff's Motion to Reconsider Dismissal of Concerted Action Claim and State Law Claims as well as to Rejoin Cases [DE 192] and **ORDERS** Defendants, if they are seeking to retain the exhibits under seal, to file supplemental argument addressing the issues described above by **September 12, 2025**, along with proposed redactions of the documents, as appropriate, or the documents will be placed on the public docket. The Court **DIRECTS** the Clerk of Court to **retain as sealed** the documents at [DE 190, 191] until further order of Court.

SO ORDERED this 29th day of August, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record