UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SPEROS A. BATISTATOS,

    Plaintiff,

  v.                           CAUSE NO. 2:22cv254 DRL-JEM
                                          2:25cv71 DRL-JEM

LAKE COUNTY CONVENTION AND
VISITORS BUREAU d/b/a/ SOUTH
SHORE CONVENTION AND VISITORS
AUTHORITY *et al.*,

    Defendants.

## ORDER

The court held a hearing March 3, 2026 to address the reconsideration motions as they concern severance, *see* Fed. R. Civ. P. 54(b), and dismissal of the severed action (2:25cv71), *see* Fed. R. Civ. P. 59(e). The court now denies the motions for this extraordinary remedy. The court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (citation omitted), or merely because a new judge now presides.

For one, whether there might be an avenue today for developing a better argument against severance, the court remains unconvinced of a manifest error based on the record presented to the original judge. *See Cincinnati Life Ins. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). Mr. Batistatos attempts to relitigate the same points presented to Judge Van Bokkelen—indeed he proposed even today to read from his briefs—precisely what the rules foreclose. *See, e.g., Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). In this, the court heeds the admonition against revisiting a transferor judge's ruling absent a strong and reasonable conviction that a manifest error has

occurred. *See HK Sys. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009); *see also Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022); *see also Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). And there was no separate error in dismissing the severed case for lack of jurisdiction.

Moreover, and weightier than even that, today's presider believes that reconsideration of the severance decision would cause true and undue harm rather than good. *See HK Sys.*, 553 F.3d at 1089. Any motion to reconsider should have been filed promptly before the prior presider. Mr. Batistatos asks the court to reconsider severance of his claims for defamation (counts 5 and 6) and injurious falsehoods (count 7) against Mayor McDermott, the City of Hammond, and Left of Center, but such claims have been reconstituted in state court after their dismissal here for lack of subject matter jurisdiction. In granting dismissal, the court noted that judicial economy and comity favor a state court's ruling on state law claims. Mr. Batistatos has requested exactly that. Upending the state case, where motions to dismiss pend, would certainly frustrate—not serve—judicial economy. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997). And the state court has waited patiently enough to move forward.

Likewise compelling is the harm here. The remaining federal case (2:22cv254) was filed more than three years ago, and the parties plan to file summary judgment motions on Monday, so the two cases exist at materially different points in their lifespan. The case against SSCVA and its board members would be unduly delayed. Their federal defense and counterclaim, and Mr. Batistatos's claims against them, would languish if the two matters were rejoined. The parties took 15 depositions in the federal case since the severance, and Mr. Batistatos indicates that several depositions more would need to be conducted if the cases were rejoined, as well as the need to redo at least certain depositions, at more expense and time. Mediation is scheduled next week; and, rather than involve all parties, it includes only the federal parties, and reasonably so

because the state parties report that they have not conducted discovery to be in a position to mediate. In short, too much water has proverbially passed under the bridge, and far more harm than good would befall the parties by reconsidering severance now.

Accordingly, the court DENIES both motions to reconsider [189 in 2:22cv254 and 209 in 2:25cv71] in their entirety for reasons given in its prior opinion and this order. The court ORDERS the parties to the federal case, as they request today, to file summary judgment motions by March 9, 2026, with briefing as set by local rule and with the parties to follow the presider's summary judgment requirements available on the court's website. Noncompliance may result in remedial measures. The court ORDERS these same parties to complete expert discovery by April 10, 2026, anticipating no further extensions to discovery. The court extends its gratitude to the dismissed parties for attending today's conference.

SO ORDERED.

March 3, 2026                                           *s/ Damon R. Leichty*
                                                        Judge, United States District Court