**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| SPEROS A. BATISTATOS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:22-CV-254-DRL-JEM |
| | ) | |
| LAKE COUNTY CONVENTION AND | ) | |
| VISITORS BUREAU d/b/a SOUTH | ) | |
| SHORE CONVENTION AND VISITORS | ) | |
| AUTHORITY, *et al.*, | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| LAKE COUNTY CONVENTION AND | ) | |
| VISITORS BUREAU d/b/a SOUTH | ) | |
| SHORE CONVENTION AND VISITORS | ) | |
| AUTHORITY, | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPEROS A. BATISTATOS, | ) | |
| Counter-Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendants' Amended Motion to Seal Excerpts from their Local Rule 56-1 Statement of Material Facts and Appendix Filed in Support of Summary Judgment [DE 223], filed March 12, 2026. Defendants request that information be maintained under seal because it contains information that has been designated by the parties as confidential. Plaintiff was ordered to file any response to the motion by March 23, 2026, but did not do so.

Local Rule 5-3 provides that "[t]he clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). The Seventh Circuit has taken a strict position regarding requests to seal documents, stating that "[s]ecrecy in

1

judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Grp. AG v. Flex-N-Gate Corp.*,740 F.3d 411, 419 (7th Cir. 2014). Proceedings in federal court are "presumptively open to public scrutiny" and must "be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A court should permit the sealing of documents only if there is good cause to do so; that is, the property and privacy interests of the movant trumps the interests of the public in full transparency of the judiciary. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The decision of whether good cause exists to file a document under seal rests solely with the Court. *See Citizens First*, 178 F.3d at 945 ("The determination of good cause cannot be eluded by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal."). Good cause may exist if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, including documents covered by the attorney-client privilege, and other non-public financial and business information. *See Hicklin*, 439 F.3d at 348; *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 546 (7th Cir. 2002). The party requesting that a document be maintained under seal must justify its claim of secrecy, analyzing the applicable legal criteria. *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002).

In this case, Defendant seeks to maintain only select portions of the documents under seal, with the redacted versions on the public docket. In its accompanying brief, it explains specifically why each excerpt is confidential. Although the existence of a protective order is not a sufficient reason to retain information under seal, in this case the limited portions of the exhibits involve

privileged information or non-public business information that does not belong on the public docket.

Accordingly, the Court **GRANTS** Defendants' Amended Motion to Seal Excerpts from their Local Rule 56-1 Statement of Material Facts and Appendix Filed in Support of Summary Judgment [DE 223] and **DIRECTS** the Clerk of Court to **RETAIN AS SEALED** the documents at [DE 225].

SO ORDERED this 24th day of March, 2026.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record

3